UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ERNEST SEAY,<br>    Petitioner | Case No. 1:10-cv-828 |
| vs | Spiegel, J.<br>Bowman, M.J. |
| WARDEN, OAKWOOD CORRECTIONAL FACILITY,[1]<br>    Respondent | REPORT AND RECOMMENDATION |

Petitioner, who is currently incarcerated at the Oakwood Correctional Facility in Lima, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on respondent's unopposed motion to dismiss the petition on exhaustion grounds.  (Doc. 9).

**I. PROCEDURAL HISTORY**

**State Trial and Appeal Proceedings**

On March 30, 2009, petitioner entered a guilty plea in the Hamilton County, Ohio, Court of Common Pleas to one count of escape and two counts of aggravated robbery, including one firearm specification, in exchange for the dismissal of the remaining four charges in the seven-count indictment.  (*See* Doc. 9, Exs. 1, 17).  After a sentencing hearing held on August 27, 2009, the trial court entered final judgment on September 2, 2009, imposing an aggregate prison term

---

[1] When the instant action commenced, petitioner properly named the Warden of the Southern Ohio Correctional Facility (SOCF) as respondent, because he was incarcerated at SOCF at that time.  However, by separate Order filed this date, the undersigned has granted petitioner's motion to correct respondent to reflect that he was transferred to another state prison and is now in the custody of the Warden of the Oakwood Correctional Facility (OCF) in Lima, Ohio.  Because the Warden of OCF is the individual who currently has custody of petitioner, the caption of this case has been changed to reflect the change in petitioner's prison address and, therefore, a change in the name of the proper party respondent.  *See* Rule 2, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

of twenty-five (25) years. (Doc. 9, Ex. 18).

With the assistance of counsel, petitioner pursued a timely appeal to the Ohio Court of Appeals, First Appellate District, raising the following assignments of error:

> 1. The trial court abused its discretion to Ernest Seay's prejudice by imposing an excessive sentence that is not supported by the record.
>
> 2. The Sixth and Fourteenth Amendments to the United States Constitution prohibit the imposition of a maximum consecutive sentence unless the fact required for the enhancement has been admitted by the defendant or found by a jury beyond a reasonable doubt.
>
> 3. Ernest Seay independently maintains that his trial counsel provided ineffective assistance of counsel.

(Doc. 9, Exs. 19-20). Petitioner specifically alleged in support of the third assignment of error that his trial counsel (1) failed to file any pre-trial motions on his behalf; (2) did not argue "*pro se* motions before the court (i.e. relief from prejudicial joinder);" (3) failed "to contact or subpoena witnesses to aid in his defense (specifically, Emily Serger);" (4) failed "to subpoena any expert witnesses to contest the Court Clinic's findings regarding his mental status and competency;" and (5) "misled him by indicating that he would receive a six-year prison sentence as case consideration for assisting the prosecutor in solving many homicide cases." (Doc. 9, Ex. 20, pp. 5-6).

On June 23, 2010, the Ohio Court of Appeals overruled petitioner's assignments of error and affirmed the trial court's judgment. (Doc. 9, Ex. 22).

On August 27, 2010, petitioner filed a *pro se* motion for leave to file a delayed appeal with the Ohio Supreme Court. (Doc. 9, Ex. 23). In the motion, petitioner alleged eleven propositions of law. (Doc. 9, Ex. 23). On October 13, 2010, the Ohio Supreme Court denied

petitioner's motion for delayed appeal and dismissed the appeal without opinion.  (Doc. 9, Ex. 24).

## State Post-Conviction Petition

On February 3, 2010, while his direct appeal was pending in the Ohio Court of Appeals, petitioner filed a *pro se* petition with the trial court to vacate or set aside the judgment of conviction or sentence.  (Doc. 9, Ex. 25).   In the post-conviction petition filed pursuant to Ohio Rev. Code § 2953.21, petitioner alleged that his trial counsel was ineffective (1) in failing to contact a physician, Dr. Schulman, who treated him for a psychiatric disorder at the time of the offense; (2) in failing to file a motion to dismiss a count of the indictment as an "allied offense;" (3) in failing to move for severance of pending charges; and (4) in misinforming petitioner that he "would get the minimum sentence" of six years.   (Doc. 9, Ex. 25).

The State did not file a pleading responding to the petition for post-conviction relief.  Upon review of the Hamilton County Clerk's on-line docketing records, it appears that no ruling has been entered on the record regarding the petition filed by petitioner over a year ago.

## Federal Habeas Corpus Petition

The instant federal habeas corpus petition was filed in November 2010.  (*See* Doc. 1).  In the petition, petitioner alleges twelve grounds for relief:

> **Ground One**:  The trial court abused its discretion by imposing an excessive sentence that is not supported by the record.
>
> **Ground Two**:  The Sixth and Fourteenth Amendments to the Constitution of the United States prohibits the imposition of a maximum consecutive sentence unless the fact required for the enhancement has been admitted by the Defendant or found by a jury beyond a reasonable doubt.
>
> **Ground Three**:  The appellant maintains that trial counsel was ineffective [based

on the allegations of error asserted on direct appeal to the Ohio Court of Appeals].

**Ground Four:** Sentence violates "equal protection of the law" as guaranteed by section 1 of Amendment XIV as well as "due process" clauses of Amendment V and Amendment XIV of the Constitution of the United States.

**Ground Five:** Prosecution and conviction of multiple counts, as it applies to the instant case, is a violation of the "double jeopardy" clause of Amendment V, and likewise a violation of the "due process" clauses of Amendments V and XIV of the Constitution of the United States.

**Ground Six:** The appellant's sentence is a violation of the "cruel and unusual punishment" clause of Amendment VIII, and likewise the "due process" clauses of Amendments V and XIV of the Constitution of the United States.

**Ground Seven:** The appellant was not afforded the effective assistance of counsel in violation of Amendment VI to the United States Constitution because counsel failed to present material witnesses and other support regarding the appellant's disorder.

**Ground Eight:** The appellant was not afforded the effective assistance of counsel in violation of Amendment VI to the Constitution of the United States because counsel failed to move the court to sever charges that occur[r]ed on separate dates.

**Ground Nine:** The appellant was not afforded effective assistance of counsel in violation of Amendment VI to the United States Constitution because counsel provided false information that convinced the appellant to change his plea to guilty.

**Ground Ten:** The appellant's Sixth and Fourteenth Amendment rights were violated when the trial court judge did not recuse herself and trial counsel was ineffective for not moving for disqualification or recusal.

**Ground Eleven:** The appellant's right to a speedy trial in Amendment VI of the United States Constitution was violated by the trial court when it overruled the Motion to Dismiss.

**Ground Twelve:** The trial court erred, and due process was denied, when the court did not consider the "substantial assistance" by the appellant in numerous felony and murder convictions.

(Doc. 1, "Statement of the Case," pp. 1, 3, 5, 6, 8, 9, 11, 12, 13, 14, 15, 16).

In response, respondent has filed a motion to dismiss the petition as a "mixed petition" on the ground that petitioner has failed to exhaust the ineffective assistance of counsel claims alleged in Grounds Seven and Eight of the petition. (Doc. 9, Brief, p. 7). Respondent contends that the claims, which were raised to the state courts only by way of petitioner's post-conviction petition, "are unexhausted because they are still pending before the Hamilton County Court of Common Pleas." (Doc. 9, Brief, p. 8).

**II. RESPONDENT'S MOTION TO DISMISS (DOC. 9) SHOULD BE DENIED**

An application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect constitutional rights of criminal defendants, and in order to prevent needless friction between state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). In *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999), the Supreme Court held that to fulfill the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review by the state's highest court, the Ohio Supreme Court. *See Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985).

If the petitioner fails to fairly present his claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c). By the same token, although there is a strong presumption in favor of requiring exhaustion of state remedies, the exhaustion requirement is not jurisdictional and may be excused in certain instances, such as when the pursuit of an available state remedy "would be futile or unable to afford the petitioner the relief he seeks." *Fazzini v. Northeast Ohio Corr. Center,* 473 F.3d 229, 235-36 (6th Cir. 2006); *see also Turner v. Bagley,* 401 F.3d 718, 724-26 (6th Cir. 2005) (and cases cited therein) (involving inordinate delay by the state appellate court in adjudicating the petitioner's appeal). *Cf. Granberry v. Greer*, 481 U.S. 129, 131 (1987).

In this case, over fourteen and one-half months have elapsed since petitioner filed his post-conviction petition with the trial court. In Ohio, after final judgment is entered in a case, the "trial court's failure to rule on a motion will implicitly be considered a denial." *State v. Patrick,* 839 N.E.2d 987, 992 (Ohio Ct. App. 2005) (and cases cited therein); *see also Koslen v. Chattman,* No. 78781, 2001 WL 1035192, at *9 (Ohio Ct. App. Sept. 6, 2001) ("failure to rule is an implicit denial only after a final judgment is entered"). At this juncture, the trial court's delay of nearly fifteen months in ruling on the pending petition for post-conviction relief may well qualify as an implicit denial of the petition. In any event, the exhaustion requirement should be excused in this case given the trial court's inordinate delay in ruling on petitioner's post-conviction petition.

Accordingly, in sum, the undersigned concludes that it would be an exercise in futility at

this late juncture to require petitioner to exhaust the state post-conviction remedy, which has been pending for over a year in the trial court. Therefore, it is **RECOMMENDED** that respondent's motion to dismiss the petition on exhaustion grounds (Doc. 9) be **DENIED**.

        *s/Stephanie K. Bowman*
        Stephanie K. Bowman
        United States Magistrate Judge

cbc