# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ERNEST SEAY,

    Petitioner,

Case No. 1:10-cv-828

    -vs-

District Judge S. Arthur Spiegel
Magistrate Judge Michael R. Merz

WARDEN, Oakwood Correctional Institution,

    Respondent.

# REPORT AND RECOMMENDATIONS

Petitioner Ernest Seay brought this habeas corpus action *pro se* to obtain relief from his conviction in the Hamilton County Common Pleas Court on two counts of aggravated robbery, escape, and a firearm specification (Petition, Doc. No. 1, ¶ 5.) He pled guilty to these offenses in return for dismissal of other charges. *Id.*. ¶6(b).

Seay pleads the following grounds for relief, denominated as "Propositions of Law":

> **Proposition of Law One:** "The trial court abused its discretion by imposing an excessive sentence that is not supported by the record."
>
> **Proposition of Law Two:** "The Sixth and Fourteenth Amendments to the Constitution of the United States prohibits the imposition of a maximum consecutive sentence unless the fact required for the enhancement has been admitted by the Defendant or found by a jury beyond a reasonable doubt."
>
> **Proposition of Law Three**: "The appellant maintains that trial counsel provide 'ineffective assistance of counsel.'"

**Proposition of Law Four:** "Sentence violates 'equal protection of the laws' as guaranteed by section 1 of Amendment XIV as well as 'due process' clauses of Amendment V and Amendment XIV of the Constitution of the United States."

**Proposition of Law Five:** "Prosecution and conviction of multiple counts, as it applies to the instant case, is a violation of the 'double jeopardy' clause of Amendment V and likewise a violation of the 'due process' clauses of Amendments V and XIV of the Constitution of the United States."

**Proposition of Law Six:** "The appellant's sentence is a violation of the 'cruel and unusual punishment' clause of Amendment VIII, and likewise the 'due process' clauses of Amendments V and XIV of the Constitution of the United States."

**Proposition of Law Seven:** "The appellant was not afforded the effective assistance of counsel in violation of Amendment VI to the United States Constitution because counsel failed to present material witnesses and other support regarding the appellant's disorder."

**Proposition of Law Eight:** "The appellant was not afforded the effective assistance of counsel in violation of Amendment VI to the Constitution of the United States because counsel failed to move the court to sever charges that occured on seperate dates."

**Proposition of Law Nine:** "The appellant was not afforded effective assistance of counsel in violation of Amendment VI to the United States Constitution because counsel provided false information that convinced the appellant to change his plea to guilty."

**Proposition of Law Ten:** "The appellant's Sixth and Fourteenth Amendment rights were violated when the trial court judge did not recuse herself and trial counsel was ineffective for not moving for disqualification or recusal."

**Proposition of Law Eleven:** "The appellant's right to a speedy trial in Amendment VI of the United States Constitution was violated by the trial court when it overruled the Motion to Dismiss."

**Proposition of Law Twelve:** "The trial court erred, and due process was denied, when the court did not consider the 'substantial assistance' by the appellant in numerous felony and

      murder convictions.

(Petition, Doc. No. 1.)

## Procedural History

Seay was indicted in 2005 on criminal charges arising out of separate incidents on September 5th and September 12th of that year.  He failed to appear for arraignment and remained at large until April 2008.  After competency and NGRI evaluations he pled guilty on March 30, 2009,  to the offenses and the firearm specification for which he was sentenced.  He took a direct appeal to the First District Court of Appeals which affirmed the conviction and sentence June 23, 2010.  Proceeding *pro se*, he then attempted a delayed further direct appeal to the Ohio Supreme Court which declined to take the case.

During the pendency of his direct appeal, he filed a petition for post-conviction relief under Ohio Revised Code § 2953.21. The Hamilton County Common Pleas Court denied relief and that judgment was affirmed by the court of appeals March 9, 2012.  Seay appealed to the Ohio Supreme Court which declined to take jurisdiction on July 25, 2012.

This case was filed November 23, 2010.  On October 12, 2011, the case was stayed to await the outcome of Seay's appeal of denial of his petition for post-conviction relief.  After learning by a *sua sponte* check of the Ohio Supreme Court's website that that court had denied relief, this Court vacated the stay and ordered completion of the record, setting an amended return date of August 20, 2012, and an amended reply date for twenty-one days after the amended return.  An Amended Return was filed on August 15, 2012.  No amended reply has been filed and the time for Seay to do so has expired.

## Analysis

Respondent argues in the Supplemented Return of Writ that all of Petitioner's claims are procedurally defaulted (Doc. No. 26, PageID 405.  The procedural default defense in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones,* 238 F.3d 399, 406 (6th Cir. 2000).  That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977);  *Engle v. Isaac*, 456 U.S. 107, 110 (1982).  Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.  *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986);  *Engle,* 456 U.S. at 110;  *Wainwright,* 433 U.S. at 87.  *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391 (1963). *Coleman,* 501 U.S. at 724.

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright*. *Murray*, 477 U.S. at 485; *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir.), *cert denied,* 474 U.S. 831 (1985).  Failure to present an issue to the state supreme

court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(citations omitted). "Even if the state court failed to reject a claim on a procedural ground, the petitioner is also in procedural default 'by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate procedures.'" *Thompson v. Bell*, 580 F.3d 423, 437 (6th Cir. 2009), citing *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006), quoting *O'Sullivan v. Boerchel,* 526 U.S. 838, 846-47 (1999).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir.), *cert. denied sub nom, Eley v. Hauk,* __ U.S. __, 131 S.Ct. 822 (2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin,* 785 F.2d at 138.

Because the defaults asserted against Petitioner are conceptually separate, the Court will group them for analysis as they have been grouped in the Supplemented Return of Writ.

### Grounds One, Two, and Three

In his first ground for relief, Petitioner asserts his sentence was excessive. The second claim asserts the sentence was based on facts not found by a jury, essentially a claim under *Blakely v. Washington*, 542 U.S. 296 (2004)(See Petition, Doc. No. 1, PageID 19, n. 7 citing *Blakely*.) The third ground for relief asserts ineffective assistance of trial counsel in various respects. These are the three assignments of error Seay raised on direct appeal to the Hamilton County Court of Appeals (Appellant's Brief, Ex. 20 to Supplemented Return of Writ, quoted at Doc. No. 26, PageID 400.) However, once the court of appeals had affirmed his conviction, Seay failed to file a timely appeal to the Ohio Supreme Court. That court dismissed his attempted appeal as untimely. (Entry, Ex. 24 to Supplemented Return of Writ, Doc. No. 26.)

The Sixth Cirtcuit has held that the 45-day time limit on appeal to Ohio Supreme Court is an adequate and independent state ground. *Bonilla v. Hurley,* 370 F.3d 494 (6th Cir. 2004). Seay has offered no excusing cause and prejudice. Therefore his first three grounds of relief should be dismissed with prejudice as barred by his procedural default in appealing to the Ohio Supreme Court.

### Grounds Four, Five, Six, Eleven, and Twelve

Respondent asserts these five Grounds for Relief are procedurally defaulted because they

have never been presented to any Ohio court. Respondent raised this defense in both the original Return of Writ (Doc. No. 16, PageID 198) and in the Supplemented Return (Doc. No. 26, PageID 410) and Petitioner has never responded.

A criminal defendant may not deliberately bypass an opportunity to raise a constitutional claim in the state courts and reserve it to be raised in the first instance in federal habeas. *Fay v. Noia,* 372 U.S. 391 (1963). To the extent Seay makes claim for the first time in his Petition which he never raised in the state courts, any such claims are procedurally defaulted, particularly because there is presently no Ohio state forum in which they could be raised. Grounds for Relief Four, Five, Six, Eleven, and Twelve should be dismissed with prejudice as procedurally defaulted.

## Grounds Seven, Eight, Nine, and Ten

In Grounds for Relief seven, Eight, Nine, and Ten, Petitioner raises various claims of ineffective assistance of trial counsel. These claims were first presented to the state courts in a petition for post-conviction relief under Ohio Revised Code § 2953.21. The Hamilton County Common Pleas Court dismissed all four claims on the basis of Ohio's criminal *res judicata* doctrine and failure to submit sufficient evidence *dehors* the record. (Entry Denying Petition to Vacate, Ex. 26 to Supplemented Return of Writ, Doc. No. 26, PageID 456-457.) The Hamilton County Court of Appeals affirmed on the same bases given by the Common Pleas Court. (Judgment Entry, Ex. 34 to Supplemented Return of Writ, Doc. No. 26, PageID 469-470, citing State v. Perry, 10 Ohio St. 2d 175 (1967)(for the *res judicata* holding) and State v. Jackson, 64 Ohio St. 2d 107 (1980)(for the evidence *dehors* the record holding).

Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967), is an adequate and independent state ground. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F. 3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001). Judge Moore recognizes this as a ruling of the Sixth Circuit in *Mason v. Mitchell*,320 F.3d 604 (6th Cir. 2003), *citing Coleman v. Mitchell, supra, Rust v. Zent, supra, and Riggins v. McMackin,* 935 F.2d 790 (6th Cir. 1991).

The rule in *State v. Jackson, supra*, is the corollary to the *Perry res judicata* rule.  Perry requires that claims which can be raised on direct appeal because they can be demonstrated from the record be actually raised on direct appeal.  Conversely, claims which could not have been raised on direct appeal but must be shown by evidence outside the record must in fact be supported by evidence outside the record.  This rule is adequate and independent for the same reason the *Perry* rule meets that test.

As with prior instances of procedural default, Seay has offered no excusing cause. Therefore Grounds Seven, Eight, Nine, and Ten should be dismissed with prejudice.

## Conclusion

In accordance with the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice.  Because reasonable jurists would not disagree with

this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Court of Appeals that any appeal would be objectively frivolous.

September 28, 2012.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).