## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

ERNEST SEAY,

    Petitioner,

               :     Case No. 1:10-cv-828

               :     District Judge S. Arthur Spiegel

  -vs-                  Magistrate Judge Michael R. Merz

WARDEN, Oakwood Correctional
 Institution,

               :

    Respondent.

---

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

This case is before the Court on Petitioner's Objections (Doc. No. 29) to the Magistrate Judge's Report and Recommendations (Doc. No. 27).  Judge Spiegel has recommitted the matter to the Magistrate Judge for reconsideration in light of the Objections (Doc. No. 31).

Seay raised twelve grounds for relief, stated as "propositions of law" in the Petition (Doc. No. 1).  The Court stayed these proceedings for exhaustion of state court remedies, but lifted the stay and ordered completion of the record August 3, 2012, after the state proceedings were completed (Doc. No. 25).  The Warden filed a Return of Writ contending all of Seay's grounds for relief were procedurally defaulted (Doc. No. 26).  After Seay's time to file a reply expired, the Magistrate Judge filed a Report and Recommendations which recommended the petition be dismissed with prejudice (Doc. No. 27).

Seay claims he was "[t]hrough no fault of his own . . . precluded from filing an amended reply."  (Objections, Doc. No. 29, PageID 519.)  He never says what it was that precluded him or why it was not his fault, apparently expecting the Court to accept that statement without any

1

substantiation.  *Id.*  His failure has caused substantial confusion in dealing with his Petition, as will be seen hereinafter.

### GROUNDS ONE, TWO, AND THREE:  PROCEDURAL DEFAULT

The Magistrate Judge recommended these three grounds for relief be dismissed as procedurally defaulted because, although they were included in the direct appeal, Seay failed to file a timely appeal to the Ohio Supreme Court (Report and Recommendations, Doc. No. 27, PageID 513).

Seay correctly contends that the Ohio Supreme Court provides for delayed appeals if an appellant establishes good cause for the delay and that he met that standard when he sought a delayed appeal.

The record shows the First District Court of Appeals' Judgment Entry was filed June 23, 2010 (Return of Writ, Ex. 22, PageID 271).  Petitioner's Notice of Appeal was filed in the Ohio Supreme Court August 27, 2010 (Return of Writ, Ex. 23, PageID 274).  Seay's Motion for Leave to File a Delayed Appeal accompanied the Notice of Appeal (Return of Writ, Ex. 23, PageID 278-290).  It contains purported copies of letters sent by him to his appellate counsel, seeking a copy of the court of appeals' judgment that is date stamped and signed by the judges.  (E.g. PageID 286.)  It also contains a copy of the Judgment Entry certified as correct by the Hamilton County Clerk of Courts and containing both the date stamp and the signature of the presiding judge.  *Id.* at PageID 282-284.  The Ohio Supreme Court did not accept this showing of good cause for the two-week delay and denied the motion for delayed appeal.  *State v. Seay*, Case No. 2010-1516 (Judgment Entry at Return of Writ, Doc. No. 16, Ex. 24, PageID 291).

Ohio Sup. Ct. R. Prac. 2.2(B)(2) does require that a notice of appeal to the Ohio Supreme Court have an attached "date-stamped copy of the court of appeals judgment entry that is being appealed . . ."  Failure to file a notice of appeal within forty-five days after the appellate judgment deprives the Ohio Supreme Court of jurisdiction.  Ohio S. Ct. R. Prac. 2.2(A)(1)(b).

Petitioner has demonstrated to the satisfaction of this Court that his procedural default in failing to timely file in the Ohio Supreme Court is excused by the ineffective assistance of appellate counsel in failing to furnish him with the document he needed to file an appeal, despite several requests.  Petitioner was clearly prejudiced by this failure in that he missed the jurisdictional filing deadline in the Ohio Supreme Court.[1]  Accordingly, the Magistrate Judge finds the ineffective assistance of appellate counsel excuses the procedural default.  That portion of the Report and Recommendations which recommended that Grounds One, Two, and Three be dismissed as procedurally defaulted is WITHDRAWN.

## GROUNDS FOUR, FIVE, SIX, AND ELEVEN

Respondent sought dismissal of these four grounds for relief because they had never been presented to any Ohio court, raising this defense in both the original and Supplemented Returns of Writ  (Doc. Nos. 16, 26; PageID 198, 410).  In the Report, the Magistrate Judge noted that Petitioner had never responded to this defense and recommended that these grounds for relief be dismissed on that basis (Report, Doc. No. 27, PageID 514).

Petitioner claims that he did present Grounds Four, Five, Six, and Eleven to the state courts and references his Notice of Appeal to the Ohio Supreme Court where he states:

---

[1] This Court does not inquire whether there was or was not good cause within the meaning of Ohio law for the delayed appeal.  That is a question of state law decided by the Ohio Supreme Court adversely to Petitioner and one which this Court cannot and need not re-examine.

> In order to comply with the "state exhaustion requirement" and preserve these issues for federal review, the appellant herein asserts these issues for consideration. Note that "Proposition [sic] of Law Numbers 1 through 3" was [were] presented to, and overruled by, the appellate court. The additional "Proposition of Law" issues are being asserted by the appellant and, "but for ineffective assistance of counsel," they should have been raised on direct appeal. In order to comply with "state remedy exhaustion requirements" as held in *Carpenter v. Mohr*; 163 F.3d 938, (6th Cir. 1998), and the like, the issues are asserted herein so that they may be presented to the federal courts, should this court decide not to hear them and grant relief.

(Return of Writ, Doc. No. 16, PageID 275.

If Petitioner had presented this argument in the Traverse (Doc. No. 19) or in a reply to the Supplemented Return of Writ, the Magistrate Judge could have analyzed it in the Report.  This citation to the record does refute the Warden's claim that these Grounds for Relief were never presented to the state courts; they were in fact presented as shown above. However, this does not change the ultimate recommendation that they should be dismissed as procedurally defaulted.

In the above-quoted excerpt from his Notice of Appeal to the Ohio Supreme Court, Petitioner admits that these "propositions of law" were not submitted to the court of appeals.  He attempts to excuse that by claiming that their omission was the result of ineffective assistance of appellate counsel.  But in Ohio an appellant cannot present new issues for the first time to the Ohio Supreme Court and have that court pass in the first instance on the claim that they were omitted because of ineffective assistance of appellate counsel.  Instead, ineffective assistance of appellate counsel claims must be submitted in the first instance to the court of appeals by way of an application for reopening under Ohio R. App. P. 26(B).  While ineffective assistance of appellate counsel can excuse the procedural default of failing to present a claim to the state courts, the issue of ineffective assistance of appellate counsel must itself be exhausted by presenting that claim to the state courts in the first instance in the manner provided by state law.

4

*Edwards v. Carpenter,* 529 U.S. 446 (2000). The possible use of ineffective assistance of appellate counsel to excuse presentation of a claim can itself be lost if a habeas petitioner defaults in presenting that claim to the state courts. That is what has happened here. Mr. Seay never filed an application for reopening under Ohio R. App. P. 26(B) and his time to do so has long since expired.

Therefore Grounds for Relief Four, Five, Six, and Eleven are procedurally defaulted because they were never properly presented to the court of appeals. The Magistrate Judge again recommends that they be dismissed on that basis.

### GROUNDS SEVEN, EIGHT, NINE, TEN, AND TWELVE

On the Warden's representation, the Report found that Grounds Seven, Eight, Nine, and Ten were claims of ineffective assistance of trial counsel which were first presented to the state courts in a petition for post-conviction relief under Ohio Revised Code § 2953.21 and dismissed either as barred by *res judicata* or for failure to submit sufficient evidence *dehors* the record. The Report found that this was a valid procedural default defense and that Seay had offered no excusing cause (Doc. No. 27, PageID 515). The Warden sought dismissal of Ground Twelve on the procedural default ground that it had never been presented to the state courts. The Report accepted that position (Report, Doc. No. 27, PageID 514).

Seay asserts that all five of these grounds for relief "were presented in both the direct appeal and the post-conviction petition, albeit in various forms." (Objections, Doc. No. 29, PageID 522.) On **direct appeal**, Seay raised the following Third Assignment of Error:

THIRD ASSIGNMENT OF ERROR

ERNEST SEAY INDEPENDENTLY MAINTAINS THAT HIS TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL.

Issue Presented for Review and Argument

When trial counsel provides ineffective assistance of counsel it deprives defendant-appellant [of] due process under the Sixth Amendment to the United States Constitution.

Ernest Seay is requesting this Court to find that his trial counsel provided ineffective assistance of counsel by (1) filing no pre-trial motions on his behalf; (2) not arguing pre [sic] se motions before the court (i.e. relief from prejudicial joinder); (3) failing to contact or subpoena witnesses to aid in his defense (specifically, Emily Serger); (4) defense counsel failed to subpoena any expert witnesses to contest the Court Clinic's findings regarding his mental status and competency; (5) defense counsel misled him by indicating that he would receive a six-year prison sentence as case consideration for assisting the prosecutor in solving many homicide cases. These are Mr. Seay's arguments which he wishes the Court of Appeals to consider. Counsel feels these claims should also be included in post-conviction relief proceedings.

(Appellant's Brief, Return of Writ, Doc. No. 16, Ex.20, PageID 253-254.)  The State argued this

assignment of error on the merits (Appellee's Brief, Return of Writ, Doc. No. 16, Ex.21, PageID

267-269).  The court of appeals decided the Third Assignment of Error on the merits, holding:

> Finally, Seay argues that his trial counsel was ineffective. We are convinced that his arguments in this vein are supported by neither the record nor the law. Four out of the five arguments were waived by his guilty plea because they concerned alleged errors regarding the state's ability to prove his factual guilt that had occurred before his guilty plea. *State v. Spates*, 64 Ohio St.3d 269, 272, 1992-Ohio-130, 595 N.E.2d 351, *citing Tollett v. Henderson* (1973), 411 U.S. 258, 267, 93 S.Ct. 1602; *accord State v. Morgan*, 181 Ohio App.3d 747, 2009-Ohio-1370, 910 N.E.2d 1075, ¶25. The fifth argument contends that trial counsel had promised Seay a six-year term of incarceration, but that contention is unsupported by the record.

(Judgment Entry, Return of Writ, Doc. No. 16, Ex. 22, PageID 272.)

6

As noted above with respect to Grounds One, Two, and Three, any asserted procedural default in presenting these claims to the Ohio Supreme Court is excused by the ineffective assistance of appellate counsel in not providing Seay with a date-stamped copy of the Judgment Entry.  The merits of these claims are analyzed below.

Seay claims he also followed his appellate attorney's advice by including these claims in his **petition for post-conviction relief**.  That petition is Ex. 25 to the Return of Writ (Doc. No. 16, PageID 292-297).  As noted above, the trial court held these claims of ineffective assistance of trial counsel were barred by *res judicata* because they could have been and were raised on direct appeal.  As noted in the original Report (Doc. No. 27, PageID 515), Ohio's criminal *res judicata* doctrine has been repeatedly held to be an adequate and independent state ground of decision.  If Seay had not preserved these claims by raising them on direct appeal, his having raised them in his petition for post-conviction relief would not have been adequate.

Seay contends his Twelfth Ground for Relief is included in his Fourth Claim in post-conviction.  The Magistrate Judge finds that is not so.  As pled in the post-conviction petition, the claim was that trial counsel provided ineffective assistance by promising a six-year term (Return of Writ, Doc. No. 16, Ex. 25, PageID 296).  As pled in the habeas corpus Petition in this Court, Proposition of Law No. 12 is "[t]he trial court erred, and due process was denied, when the court did not consider the 'substantial assistance' by the appellant in numerous felony and murder convictions."  The claim as stated in the Petition is procedurally defaulted because a claim of trial court error and a claim of ineffective assistance of trial counsel are substantially different legal claims, dependent on substantially different bodies of law.  To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted

7

constitutional violation, including presenting both the legal and factual basis of the claim. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790 (6th Cir. 1991).

Even if the Twelfth Proposition of Law were preserved for merits consideration, it should be dismissed because it does not state a claim of violation of the United States Constitution. There simply is no federal constitutional right to have a state trial court judge take substantial assistance into consideration when imposing sentence. To prevail on such a claim, Petitioner would have to show that failure to credit substantial assistance violated a clearly established United States Supreme Court holding, and he has not done so.

## GROUNDS ONE, TWO, AND THREE ON THE MERITS

### Grounds One and Two:  Unlawful Sentence

In his First Ground for Relief, Mr. Seay asserts that the sentencing judge abused her discretion by imposing a sentence not supported by the record. In his Second Ground for Relief, Seay argues his sentence is unconstitutional because the Constitution "prohibits the imposition of a maximum consecutive sentence unless the fact required for the enhancement has been admitted by the Defendant or found by a jury beyond a reasonable doubt." (Petition, Doc. No. 1.) As noted above, these claims were raised on direct appeal and are preserved for merit review because Petitioner's failure to present them to the Ohio Supreme Court is excused by his attorney's failure to send him a copy of the Judgment Entry.

8

The court of appeals considered these two claims together, writing:

> We address together Seay's first two assignments of error, which contend that his sentence was excessive and unconstitutional. We review Seay's sentence under a two-part analysis: we first must decide whether the sentence was contrary to law; and if it was not, then we decide whether the trial court abused its discretion in imposing the sentence. *State v. Williams*, 1st Dist, No. C081148, 2010-Ohio-1879, ¶18, citing *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912; 896 N.E.2d 124. Seay's sentence was not contrary to law because it was, in each of its components, within the applicable statutory range.
>
> We now decide whether the trial court abused its discretion in sentencing Seay to 25 years' incarceration. Before pleading guilty, Seay faced a maximum term of incarceration of over 50 years. At sentencing the court noted that Seay had a lengthy and serious criminal record that included convictions for rape, robbery, aggravated robbery, breaking and entering, and other out-of-state offenses; that Seay had committed the offenses in this case shortly after he had been released from prison; that this was a serious case; and that the victims had suffered great harm as evidenced by their victim-impact statements. We are convinced that the trial court did not abuse its discretion in sentencing Seay. And his sentence was constitutional because the trial court complied with the mandates of *State v. Foster,* 109 Ohio St.3d 1, 2006-0hio-856, 845 N.E.2d 470, which is still the law in Ohio. *State v. Elmore*, 122 Ohio St.3d 472, 2009-Ohio-3478, 912 N.E.2d 582.

(Judgment Entry, Return of Writ, Ex. 22, PageID 271-272.)

Petitioner argues the First Ground for Relief in the memorandum attached to his Petition (Doc. No. 1, PageID 16-17).  His entire argument is that the state trial court violated Ohio law by not considering the factors required to be considered under the Ohio sentencing statutes.  He makes no argument under the United States Constitution and cites no Supreme Court precedent entitling him to a lesser sentence.  Basically he acknowledges that his sentence is within the sentences allowed by Ohio law for the crimes of which he was convicted, but is too great under the circumstances, given his remorse and assistance to the State in solving other serious crimes.

However, there is no provision of the United States Constitution making it a

constitutional violation for a state judge to abuse his discretion. *Sinistaj v. Burt,* 66 F.3d 804 (6th

Cir. 1995). To put it another way, federal habeas courts are not authorized to set aside or modify

state court sentences even if they find the judge abused his or her discretion in imposing the

sentence. The First Ground for Relief should therefore be denied on the merits because it does

not state a claim upon which relief can be granted. There is no Supreme Court precedent clearly

establishing that it is cruel and unusual punishment to impose a sentence of the length Seay

received from the crimes he committed and no precedent at all in a non-capital case requiring

that assistance to the State be taken into account as a mitigating factor.

In his Second Ground for Relief, Mr. Seay contends his sentence violates the principle

adopted in *Blakely v. Washington*, 542 U.S. 296 (2004). There the Supreme Court held any fact

which increases the sentence beyond a legislatively-mandated guideline, even if within a

statutory maximum for the offense, must be pled as an element in the indictment and proved to

the jury beyond a reasonable doubt. *Blakely* renders the Ohio sentencing scheme adopted in

S.B. 2 in 1996 unconstitutional. *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E. 2d 470 (2006). In

*Foster*, the Ohio Supreme Court severed from the Ohio sentencing statutes those portions which

required any findings by the judge to allow imposition of more than the minimum sentence.

Seay was convicted well after the *Foster* decision, so there was no requirement in Ohio

law at the time he was sentenced for the sentencing judge to make any findings beyond what a

jury had found in order to impose a maximum sentence. Seay contends "[t]he decision of the

Ohio Supreme Court in *Foster* is not in compliance with the controlling precedent of the United

States Supreme Court as it relates to unconstitutional criminal sentences." (Memorandum, Doc.

No. 1, PageID 20). However, he cites no Supreme Court precedent at all which he claims is

inconsistent with *Foster*. It is broadly understood that the Ohio Supreme Court in *Foster* was

10

following the lead of the United States Supreme Court in *United States v. Booker*, 543 U.S. 220 (2005).

The Ohio Court of Appeals certainly understood it was being presented with a constitutional question in the second assignment of error and decided that question against Mr. Seay. When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Mr. Seay has made no showing that the court of appeals decision is contrary to or an unreasonable application of Supreme Court precedent. Ground Two for Relief should be denied on the merits.

### Ground Three:  Ineffective Assistance of Trial Counsel

In his Third Ground for Relief, Mr. Seay contends he received ineffective assistance of trial counsel. This claim was made as the third assignment of error on direct appeal and decided by the court of appeals as follows:

> Finally, Seay argues that his trial counsel was ineffective. We are convinced that his arguments in this vein are supported by neither the record nor the law. Four out of the five arguments were waived by his guilty plea because they concerned alleged errors regarding the state's ability to prove his factual guilt that had occurred before his guilty plea. *State v. Spates*, 64 Ohio St.3d 269, 272, 1992-Ohio-130, 595 N.E.2d 351, citing *Tollett v. Henderson* (1973), 411 U.S. !!58, 267, 93 S.Ct. 1602; *accord State v. Morgan*, 181 Ohio App.3d 747, 2009-0hio-1370, 910 N.E.2d 1075, ¶ 25. The fifth argument contends that trial counsel had promised Seay a six-year

> term of incarceration, but that contention is unsupported by the
> record.

(Judgment Entry, Return of Writ, Doc. No. 16, Ex. 22, PageID 272.)

Because this is a decision on the merits of Seay's constitutional claim of ineffective

assistance of trial counsel, it is entitled to deference under 28 U.S.C. § 2254(d)(1) unless Seay

can show that it is contrary to or an unreasonable application of clearly established Supreme

Court precedent.  He has not done so.  In his Memorandum in support of the Petition, he does no

more than recite his allegations.  In fact, he did plead guilty and that waived the first four claims

of ineffective assistance of trial counsel.  A guilty or no contest plea renders irrelevant those

constitutional violations not logically inconsistent with the valid establishment of factual guilt.

*Menna v. New York,* 423 U.S. 61 (1975).  A guilty plea constitutes a break in the chain of events

leading up to it.  *Tollett v. Henderson*, 411 U.S. 258 (1973).  Federal habeas corpus review of

claims raised by a petitioner who has entered a guilty plea is limited to "the nature of the advice

and the voluntariness of the plea, not the existence as such of an antecedent constitutional

infirmity."  *Tollett*, 411 U.S. at 266.  A guilty plea bars a defendant from raising in federal

habeas corpus such claims as the defendant's right to trial and the right to test the state's case

against him.  *McMann v. Richardson*, 397 U.S. 759 (1970); *McCarthy v. United States*, 394 U.S.

459, 466 (1969).  It cannot be ineffective assistance of trial counsel to fail to raise claims which

were given up by a voluntary, intelligent, and knowing guilty plea.

As to the fifth claim of ineffective assistance of trial counsel, the Ohio court of appeals

held it was not supported by any evidence of record and Mr. Seay points to no evidence refuting

that finding.

## Conclusion

For these reasons, the Magistrate Judge again recommends that the Petition herein be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is again recommended that Petitioner be denied a certificate of appealability and that the Court certify any appeal would not be taken in objective good faith.

November 13, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).