# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

ERNEST SEAY,

                Petitioner,

        -vs-

WARDEN, Oakwood Correctional
  Institution,

                Respondent.

:

:

:

Case No. 1:10-cv-828

District Judge S. Arthur Spiegel
Magistrate Judge Michael R. Merz

---

# SUBSTITUTED REPORT AND RECOMMENDATIONS

---

This case is before the Court on Petitioner's Objections (Doc. No. 35) to the Magistrate Judge's Supplemental Report and Recommendations (Doc. No. 32). The Warden has not filed any response to the Objections and the time to do so has expired. Judge Spiegel has recommitted the case to the Magistrate Judge for a supplemental report (Doc. No. 36).

For ease of review by the referring Court, this Substituted Report and Recommendations includes the Magistrate Judge's complete analysis for each ground for relief, hopefully obviating the need to read the prior Reports.

Petitioner is serving an aggregate sentence of twenty-five years in Respondent's custody upon conviction in the Hamilton County Common Pleas Court for two counts of aggravated robbery, escape, and a firearm specification. (Petition, Doc. No. 1, ¶ 5.) He pled guilty to these offenses in return for dismissal of other charges. *Id.* ¶6(b).

Seay pleads the following grounds for relief, denominated as "Propositions of Law":

**Proposition of Law One:** "The trial court abused its discretion by imposing an excessive sentence that is not supported by the record."

**Proposition of Law Two:** "The Sixth and Fourteenth Amendments to the Constitution of the United States prohibits the imposition of a maximum consecutive sentence unless the fact required for the enhancement has been admitted by the Defendant or found by a jury beyond a reasonable doubt."

**Proposition of Law Three**: "The appellant maintains that trial counsel provide 'ineffective assistance of counsel.'"

**Proposition of Law Four:** "Sentence violates 'equal protection of the laws' as guaranteed by section 1 of Amendment XIV as well as 'due process' clauses of Amendment V and Amendment XIV of the Constitution of the United States."

**Proposition of Law Five:** "Prosecution and conviction of multiple counts, as it applies to the instant case, is a violation of the 'double jeopardy' clause of Amendment V and likewise a violation of the 'due process' clauses of Amendments V and XIV of the Constitution of the United States."

**Proposition of Law Six:** "The appellant's sentence is a violation of the 'cruel and unusual punishment' clause of Amendment VIII, and likewise the 'due process' clauses of Amendments V and XIV of the Constitution of the United States."

**Proposition of Law Seven:** "The appellant was not afforded the effective assistance of counsel in violation of Amendment VI to the United States Constitution because counsel failed to present material witnesses and other support regarding the appellant's disorder."

**Proposition of Law Eight:** "The appellant was not afforded the effective assistance of counsel in violation of Amendment VI to the Constitution of the United States because counsel failed to move the court to sever charges that occured on seperate dates."

**Proposition of Law Nine:** "The appellant was not afforded effective assistance of counsel in violation of Amendment VI to the United States Constitution because counsel provided false information that convinced the appellant to change his plea to

guilty."

**Proposition of Law Ten:** "The appellant's Sixth and Fourteenth Amendment rights were violated when the trial court judge did not recuse herself and trial counsel was ineffective for not moving for disqualification or recusal."

**Proposition of Law Eleven:** "The appellant's right to a speedy trial in Amendment VI of the United States Constitution was violated by the trial court when it overruled the Motion to Dismiss."

**Proposition of Law Twelve:** "The trial court erred, and due process was denied, when the court did not consider the 'substantial assistance' by the appellant in numerous felony and murder convictions.

(Petition, Doc. No. 1.)

## Procedural History

Seay was indicted in 2005 on criminal charges arising out of separate incidents on September 5th and September 12th of that year.  He failed to appear for arraignment and remained at large until April 2008.  After competency and NGRI evaluations he pled guilty on March 30, 2009, to the offenses and the firearm specification for which he was sentenced.  He took a direct appeal to the First District Court of Appeals raising as assignments of error claims that his sentence was excessive and unconstitutional and that he received ineffective assistance of trial counsel.  The Court of Appeals affirmed the conviction and sentence June 23, 2010.  *State v. Seay*, No. C-090638 (Ohio App. 1st Dist. June 23, 2010)(unreported, Return of Writ, Doc. No. 16-2, PageID 271-273).

Proceeding *pro se*, he then attempted a delayed further direct appeal to the Ohio Supreme Court pleading as follows:

3

In order to comply with the "state exhaustion requirement" and preserve these issues for federal review, the appellant herein asserts these issues for consideration. Note that "Proposition of Law Numbers 1 through 3" was [sic] presented to, and overruled by, the appellate court. The additional "Proposition of Law" issues are being asserted by the appellant and, "but for ineffective assistance of counsel," they should have been raised on direct appeal. In order to comply with "state remedy exhaustion requirements" as held in *Carpenter v. Mohr*, 163 F.3d 938, (6th Cir. 1998), and the like, the issues are asserted herein so that they may be presented to the federal courts, should this court decide not to hear them and grant relief.

Proposition of Law Number 1: The appellant's sentence is contrary to law and represents an "abuse of discretion" by the trial court. The excessive sentence is not supported by the record.

Proposition of Law Number 2: The Sixth and Fourteenth Amendments to the Constitution of the United States prohibits the imposition of a maximum consecutive sentence unless the fact required for the enhancement has been admitted by the Defendant or found by a jury beyond a reasonable doubt.

Proposition of Law Number 3: The appellant maintains that counsels' performance fell below a reasonable standard and qualifies as "ineffective assistance of counsel" in violation of Amendment VI to the Constitution of the United States.

Proposition of Law Number 4: The appellant's sentence violates "equal protection of the laws" as guaranteed by section 1· of Amendment XIV as well as "due process" clauses of Amendments V and XIV to the Constitution of the United States.

Proposition of Law Number 5: Prosecution and conviction of multiple counts, as it applies to the instant case, is a violation of the "double jeopardy" clause of Amendment V of the Constitution of the United States, and likewise a violation of the "due process" clauses of Amendments V and XIV.

Proposition of Law Number 6: The appellant's sentence is a violation of the "cruel and unusual punishment" clause of Amendment VIII to the Constitution of the United States, and likewise a violation of the "due process" clauses of Amendments V and XIV.

4

> Proposition of Law Number 7: Trial Counsel was ineffective for failing to present a material witness whose testimony was critical in the appellant's decision to plea instead of having a jury trial.
>
> Proposition of Law Number 8: Trial counsel was ineffective for not moving the court to sever charges that occurred on separate dates and were unrelated.
>
> Proposition of Law Number 9: Trial counsel provided misleading information that convinced the appellant to plea instead of having a jury trial.
>
> Proposition of Law Number 10: The trial judge should have recused herself because she presided over a previous proceeding involving the appellant.
>
> Proposition of Law Number 11: The appellant's right to a speedy trial was violated when the trial court denied the motion to dismiss on those grounds.

(Notice of Appeal, Return of Writ, Doc. No. 16-2, PageID 275-276.)  The Ohio Supreme Court declined to take the case, denying the motion for delayed appeal.  *State v. Seay*, No. 2010-1516 (Entry, Return of Writ, Doc. No. 16-2, PageID 291.)

During the pendency of his direct appeal, Seay filed a petition for post-conviction relief under Ohio Revised Code § 2953.21 (Petition to Vacate, Return of Writ, Doc. No. 16-2, PageID 292-297). The Hamilton County Common Pleas Court denied relief and that judgment was affirmed by the court of appeals on March 9, 2012 (Judgment Entry, *State v. Seay*, No. C-110347, Supp. Return of Writ, Doc. No. 26, PageID 469-470).  Seay appealed to the Ohio Supreme Court which declined to take jurisdiction on July 25, 2012 (Entry, Supp. Return of Writ, Doc. No. 26, PageID 507).

## Analysis

## Ground for Relief One:  Excessive Sentence

In his First Ground for Relief, Seay contends his sentence is excessive.

The Warden asserts this Ground for Relief was procedurally defaulted by Seay's failure to timely appeal to the Ohio Supreme Court on direct review.  In the Supplemental Report and Recommendations, the Magistrate Judge rejected that defense (Doc. No. 32 at PageID 532-533) and the Warden filed no objections to that analysis.

This claim was presented as Seay's second assignment of error on direct appeal.  The Court of Appeals held as follows:

> We address together Seay's first two assignments of error, which contend that his sentence was excessive and unconstitutional. We review Seay's sentence under a two-part analysis: we first must decide whether the sentence was contrary to law; and if it was not, then we decide whether the trial court abused its discretion in imposing the sentence.  *State v. Williams*, 1st Dist. No. C081148, 2010-Ohio-1879, § 18, citing *State v. Kalish*, 120 Ohio St. 3d 23, 2008-Ohio-4912, 896 N.E. 2d 124. Seay's sentence was not contrary to law because it was, in each of its components, within the applicable statutory range.
>
> We now decide whether the trial court abused its discretion in sentencing Seay to 25 years' incarceration. Before pleading guilty, Seay faced a maximum term of incarceration of over 50 years. At sentencing the court noted that Seay had a lengthy and serious criminal record that included convictions for rape, robbery, aggravated robbery, breaking and entering, and other out-of-state offenses; that Seay had committed the offenses in this case shortly after he had been released from prison; that this was a serious case; and that the victims had suffered great harm as evidenced by their victim-impact statements. We are convinced that the trial court did not abuse its discretion in sentencing Seay. And his sentence was constitutional because the trial court complied with the mandates of *State v. Foster*, 100 Ohio St. 3d 1, 2006-Ohio-856, 845 N.E. 2d

> 470, which is still the law in Ohio.  *State v. Elmore*, 122 Ohio
> St.3d 472, 2009-Ohio-3478, 912 N.E.2d 582.

*State v. Seay*, No. C-090638 (Ohio App. 1st Dist. June 23, 2010)(unreported, Return of Writ, Doc. No. 16-2, PageID 271-272).

Seay argued this claim to the Court of Appeals as coming within the authority of Ohio appellate courts to "find an abuse of discretion by the trial court where a sentence is greatly excessive under traditional concepts of justice or is manifestly disproportionate to the crime of the defendant," citing *Woosley v. United States*, 478 F.2d 139 (8th Cir. 1973) (Appellant's Brief, Return of Writ, Doc. No. 16, PageID 250.)  He claimed the trial court abused its discretion by "not properly consider[ing] factors such as the purpose of sentencing, factors relating to the seriousness of the offense and recidivism of the offender."  *Id.* He noted that the prosecutor had told the trial judge how helpful Seay had been in obtaining convictions in some other cases and that her had "emotionally advised the court of his remorse. . . ."  *Id.* at PageID 251.

There are two possible ways of analyzing this claim for federal habeas corpus purposes. The first would be to read the claim as made in the Ohio Court of Appeals as arising only under Ohio law since it was under Ohio law that the argument was made.  A federal habeas court has no authority to grant relief for violations of state law.  As the Magistrate Judge wrote in the Supplemental Report, a claim that a state trial judge abused his or her discretion in imposing sentence does not state a claim under the United States Constitution because the Constitution does not in terms prohibit abuse of discretion in sentencing.  *Woosley*, the sole federal authority cited by Seay to the Ohio Court of Appeals, is not a constitutional case.  Instead, it recognized the authority of a federal court of appeals to reverse a federal district judge on direct appeal for abuse of discretion in sentencing.

Seay reacted to this line of analysis by noting that "the claim was presented to this Court, word for word, as prepared by counsel appointed for his direct appeal. . . the argument infers violations of U.S. Constitutional Amendments as well as federal law and federal court precedent."  (Objections to the Supplemental Report and Recommendations, Doc. No. 35, PageID 556.)

A litigant does not fairly present a federal constitutional claim to a state court by "inferring" a constitutional violation.  To preserve a federal constitutional claim for presentation in habeas corpus, the  claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim.  *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790, 792 (6th Cir. 1991).  *Hicks v. Straub,* 377 F.3d 538 (6th Cir. 2004), citing *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000); and *Picard v. Connor*, 404 U.S. 270, 276, 277-78 (1971).  A state prisoner ordinarily does not 'fairly present' a federal claim to a state court if that court must read beyond a petition, a brief, or similar papers to find material that will alert it to the presence of such a claim.  *Baldwin v. Reese*, 541 U.S. 27 (2004).  Thus requiring a state court to "infer" that one is raising a federal constitutional claim is not enough for fair presentation of that claim.  Ground One is subject to dismissal as procedurally defaulted, not on the basis first argued by the Warden, but because it was not fairly presented as a federal constitutional claim to the state courts.

Alternatively, if this Court gives Mr. Seay the benefit of the doubt as a *pro se* pleader[1]

---

[1] The pleading on which Mr. Seay depends – the appellate brief in the state court of appeals – was of course not filed *pro se*, but by his attorney.

and concludes that he did fairly present this claim to the state courts as a federal constitutional claim, then the claim must be analyzed under the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") as codified at 28 U.S.C. § 2254. When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

Seay is very vague about which constitutional right he believes is violated by the "excessive" sentence. The only Supreme Court case he cites is *Lockett v. Ohio*, 438 U.S. 586 (1978)(Objections, Doc. No. 35, PageID 556). The holding in *Lockett* is that a State may not prevent a person facing the death penalty from introducing any rationally-related evidence in mitigation. This, of course, is not a capital case and the trial court did not prevent the introduction of mitigating evidence. Nothing in *Lockett* suggests what weight a trial jury or trial judge must give to the mitigating evidence; the holding is only that they must listen to it.

Seay argues the trial judge did not really listen because he imposed the maximum sentence. *Id.* This is, he says, because they would have had to be dismissed or merged under Ohio Revised Code § 2941.25. He makes no argument as to why this is so and the Court of Appeals held, as a matter of Ohio law, that he was facing a maximum term of over fifty years. *Seay*, No. C-090638, PageID 272. This Court is bound by the court of appeals interpretation of Ohio law in this respect.

In sum, Seay's First Ground for Relief should be dismissed with prejudice either because

it was not fairly presented to the state courts or because he has not shown that the court of appeals' decision is an objectively unreasonable application of any Supreme Court precedent.

## Ground Two:  Maximum Sentence Unconstitutional

In his Second Ground for Relief, Seay argues his sentence is unconstitutional because *State v. Foster*, 100 Ohio St. 3d 1, 2006-Ohio-856, 845 N.E. 2d 470 (2006), does not save then Ohio sentencing statutes from being unconstitutional.

As with the First Ground for Relief, the Warden initially argued this claim was barred by Seay's procedural default in filing late in the Ohio Supreme Court.  This Court found excusing cause for that default and the Warden has not objected.

This claim was presented as a constitutional claim to the court of appeals and rejected by it.  On direct appeal Seay's counsel argued "Foster is incompatible with the controlling precedent of the United States Supreme Court."  (Appellate Brief, Return of Writ, Doc. No. 16, PageID 251.)  Seay cited *Blakely v. Washington*, 542 U.S. 296 (2004); *United States v. Booker*, 543 U.S. 220 (2005); *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and *Jones v. United States*, 526 U.S. 227 (1999).

In *Foster*, the Ohio Supreme Court held that *Blakely* renders the Ohio sentencing scheme unconstitutional because it permitted the imposition of a sentence greater than the statutory minimum and consecutive sentences for multiple offenses upon certain findings by the sentencing judge, rather than the jury.  At least as to consecutive sentences, the Supreme Court has subsequently held that they are constitutional without any jury findings.  *Oregon v. Ice*, 555 U.S. 160 (2009).  And in *Booker, supra*, the United States Supreme Court adopted the same

remedy for mandatory federal sentencing which *Foster* adopts for state sentencing: severance of the requirement for judicial fact finding.

In his Objections, Seay goes well beyond what his counsel argued on direct appeal and claims:

> any precedent (even in Ohio) that gives a sentencing court the power to impose whatever sentence it decides without justification will inevitably violate the due process clause of the fourteenth amendment. This is so because in the absence of a requirement that the sentencing court delineate the mitigating circumstances and aggravating circumstances that justify the sentence, no meaningful review of a sentence within the statutory range can occur. The result of such unbalanced power is that which happened to the Petitioner in the case at bar. See *Solem v. Helm*, 463 U. S. 277 (1983).

(Objections, Doc. No. 35, PageID 557.) Seay does not dispute that each sentence imposed on him was within the statutory maximum for the crime of which he was convicted as set by the Ohio General Assembly. And he points to no United States Supreme Court precedent which requires that a trial judge, sentencing within a statutory range, must "delineate" why he or she chose a particular sentence. Weighing of aggravating factors and mitigating circumstances is indeed required in the sentencing process for capital crimes, but the Supreme Court has never extended that requirement to other penalties.

Seay relies on *Solem v. Helm*, 463 U.S. 277 (1983). There the petitioner was convicted of uttering a fraudulent check. He had six prior convictions for nonviolent minor crimes and was sentenced as a recidivist to life imprisonment without the possibility of parole. However, in *Harmelin v. Michigan*, 501 U.S. 957 (1991), the Supreme Court upheld a sentence to life without parole for possessing a large quantity of cocaine. It also upheld a sentence of 25 years to life for the theft of a few golf clubs under California's so-called three-strikes recidivist sentencing scheme. *Ewing v. California*, 538 U.S. 11 (2003). The Court has also upheld a sentence of life

11

with the possibility of parole for a defendant's third nonviolent felony, the crime of obtaining

money by false pretenses, *Rummel v. Estelle,* 445 U.S. 263 (1980), and a sentence of 40 years for

possession of marijuana with intent to distribute and distribution of marijuana, *Hutto v. Davis*,

454 U.S. 370 (1982) (per curiam). In each of these cases, the Supreme Court looked at the actual

sentence and not whether the trial judge had carefully explained the sentence. And Seay's

sentence of twenty-five years is not an objectively unreasonable application of these precedents,

given the factors the trial judge found and the court of appeals affirmed.

Seay's second Ground for Relief should be dismissed with prejudice.


### Ground Three: Ineffective Assistance of Trial Counsel


In his Third Ground for Relief, Seay asserts he received ineffective assistance of trial

counsel in five respects:

> by (1) filing no pre-trial motions on his behalf; (2) not arguing *pro
> se* motions before the court (i.e. relief from prejudicial joinder); (3)
> failing to contact or subpoena witnesses to aid in his defense
> (specifically, Emily Serger); (4) defense counsel failed to subpoena
> any expert witnesses to contest the Court Clinic's findings
> regarding his mental status and competency; (5) defense counsel
> misled him by indicating that he would receive a six-year prison
> sentence as case consideration for assisting the prosecutor in
> solving many homicide cases.

(Appellate Brief, Return of Writ, Doc. No. 16, PageID 254.) The state appellate court rejected

all five of these subclaims by holding

> Finally, Seay argues that his trial counsel was ineffective. We are
> convinced that his arguments in this vein are supported by neither
> the record nor the law. Four out of the five arguments were waived
> by his guilty plea because they concerned alleged errors regarding
> the state's ability to prove his factual guilt that had occurred before

> his guilty plea. [Footnote omitted.] The fifth argument contends that trial counsel had promised Seay a six-year term of incarceration, but that contention is unsupported by the record.

*State v. Seay*, No. C-090638 (Ohio App. 1st Dist. June 23, 2010)(unreported, Return of Writ, Doc. No. 16-2, PageID 272).

As with the first ground for relief, the Warden initially argued this claim was barred by Seay's procedural default in filing late in the Ohio Supreme Court. This Court found excusing cause for that default and the Warden has not objected.

Seay does not quarrel with the proposition that a knowing, intelligent, and voluntary guilty plea will waive ineffective assistance of trial counsel claims of the type he makes in his first four sub-claims. Instead, he says his plea was not knowing, intelligent, and voluntary because it was induced by bad advice from his attorney. "Petitioner . . . was specifically advised by counsel that he would receive a minimum concurrent sentence of six years consecutive sentence of twenty-five years." (Objections, Doc. No. 35, PageID 557.) However, he does not attempt to refute the Court of Appeals' finding that this assertion was unsupported by the record by pointing to any place in the record on direct appeal that supports that point. Instead, he refers this Court to a declaration attached to his Objections at PageID 563. While that declaration does indeed claim that trial counsel gave the six-year sentence advice, this Court cannot consider the declaration. In determining whether the state appellate court decision is contrary to or an objectively unreasonable application of clearly established Supreme Court precedent, a federal habeas court is limited to the factual record presented to the state courts. *Cullen v. Pinholster,* 563 U.S. ___, 131 S.Ct. 1388 (2011). Based on the record before the state courts, there is no proof that the guilty pleas were induced by bad advice by counsel.

Seay's reliance on *Missouri v. Frye*, 566 U.S. ___, 132 S. Ct. 1399, 182 L. Ed. 2d 379

(2012), and *Lafler v. Cooper*, 566 U.S. ___, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012), is misplaced.  While the Supreme Court again recognized in those cases the right to effective assistance of counsel in plea bargaining, there is no proof in this case that the prosecution offered a plea agreement which was not communicate to Seay (*Frye*) or that Seay refused to accept a good plea offer because of bad attorney advice (*Lafler*).  And in any event these two cases are not applicable retroactively to cases final on direct appeal before they were decided.  . *Rodriquez-Vilchis v. United States*, 2012 U.S. Dist. LEXIS 171058 (S.D. Ohio Dec. 3, 2012), citing *In re:  Michael Perez,* 682 F.3d 930 (11th Cir. 2012);  and *Crockett v. United States*, 2012 U.S. Dist. LEXIS 160384 (S.D. Ohio Nov. 8, 2012), *citing Buenostro v. United States*, 697 F.3d 1137 (9th Cir. 2012), and *Hare v. United States*, 688 F.3d 878, 879 (7th Cir. 2012).

The Third Ground for Relief should therefore be dismissed with prejudice on the merits.

## Ground Four:  Equal Protection and Due Process

In his Fourth Ground for Relief, Seay asserts his sentence violates both his equal protection and due process rights.

The Warden asserts this Ground for Relief is procedurally defaulted.  While the State argued the claim had never been presented to the state courts, Seay has shown he included it in his appeal to the Ohio Supreme Court specifically to satisfy the exhaustion doctrine so that he could preserve it for federal habeas presentation.  (Notice of Appeal, Return of Writ, Doc. No. 16-2, PageID 275-276, quoted *supra* at 4.)  In the body of his Notice of Appeal, Seay argued to the Ohio Supreme Court that this Ground for Relief and the others included there for the first time would have been presented on direct appeal but for ineffective assistance of appellate

counsel. *Id.*, citing *Carpenter v. Mohr*, 163 F.3d 938 (6th Cir. 1998).

In the Supplemental Report, the Magistrate Judge concluded that this claim was procedurally defaulted because claims omitted on intermediate appeal, even if omitted because of ineffective assistance of appellate counsel, cannot be inserted into the process on appeal to the Ohio Supreme Court.  Ohio requires that claims of ineffective assistance of appellate counsel be submitted first by an application to reopen the direct appeal under Ohio R. App. P. 26(B) which Seay has never done.  That process was upheld in *Edwards v. Carpenter*, 529 U.S. 446 (2000), which overruled *Carpenter v. Mohr, supra*.  In addition, the Ohio Supreme Court will not consider constitutional arguments not first presented in the intermediate appellate court.  *State v. Phillips,* 27 Ohio St. 2d 294 (1971).

In his Objections, Seay claims he carefully followed the instructions in the Pro Se Packet from the Ohio Public Defender in presenting this claim, since the State did not appoint counsel for him at the Ohio Supreme Court stage.  This, he claims, is sufficient cause to excuse his default (Objections, Doc. No. 35, PageID 550).  The Magistrate Judge disagrees.  While ineffective assistance of counsel will excuse a procedural default when it occurs at a stage of the criminal process at which a defendant is constitutionally entitled to effective assistance, bad advice thereafter, whether it comes from the Ohio Public Defender's Office or from a misinformed cellmate, does not excuse a procedural default.  Even bad advice from a lawyer in a post-conviction proceeding is insufficient to excuse procedural default of an appellate claim. *Gulertekin v. Tinnelman-Cooper,* 340 F.3d 415, 425 (6th Cir. 2003), citing *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991).

Seay also claims the benefit of the "fundamental miscarriage of justice" exception to procedural default.  (Objections, Doc. No. 35, PageID 551.)  The "miscarriage of justice"

15

standard, which is sometimes used synonymously with "actual innocence," requires some showing of actual innocence.  In other words, they are the same standard, not alternative ways of avoiding a procedural default.  *Calderon v. Thompson,* 523 U.S. 538 (1998).  Seay has offered no showing of actual innocence sufficient to satisfy that standard.

Seay also claims that his own mistakes in pursuing relief are in no way intentional and therefore do not come within the purpose of the Supreme Court's procedural default jurisprudence (Objections, Doc. No. 35, PageID 551-552).  However, this Court is not permitted to look behind rules adopted by the Supreme Court and second-guess those rules in terms of their purposes.  The federal courts have repeatedly enforced procedural defaults which might have been negligently as opposed to intentionally made.  To put it another way, the State is not required to prove intentional behavior as an element of its procedural default affirmative defense.

Ground for Relief Four is procedurally defaulted by failure to present it to the Ohio Court of Appeals.  It should be dismissed with prejudice on that basis.

## Ground Five:  Double Jeopardy

In Ground Five Seay asserts his convictions and sentences violate the Double Jeopardy Clause of the Fifth Amendment and the Due Process Clause of both the Fifth and Fourteenth Amendments.

This claim was presented for the first time in Seay's appeal to the Ohio Supreme Court. It is procedurally defaulted on the same basis as the Fourth Ground for Relief and should be dismissed with prejudice on that basis.

**Ground Six:  Cruel and Unusual Punishment**

In Ground Six Seay asserts his sentence violates the Cruel and Unusual Punishment Clause of the Eighth Amendment and the Due Process Clause of both the Fifth and Fourteenth Amendments.

This claim appears in Seay's Notice of Appeal to the Ohio Supreme Court.  To the extent it is a claim that was not presented to the Ohio Court of Appeals, it is procedurally defaulted on the same basis as the Fourth Ground for Relief and should be dismissed with prejudice on that basis.

However, it may be that this is legally the same claim made in the Court of Appeals under the rubric of "excessive" punishment.  The case law relied on by Seay in his Objections, *Solem v. Helm, supra*, was decided by the United States Supreme Court under the Cruel and Unusual Punishment Clause.  To the extent this claim was preserved by being argued to the Court of Appeals, it fails on the merits for the same reasons given with respect to the Second Ground for Relief.

**Ground Seven:  Ineffective Assistance of Trial Counsel:  Failure to Subpoena Witnesses**

In his Seventh Ground for Relief, Seay argues he receive ineffective assistance of trial counsel when his attorney did not present material witnesses and other evidence to prove his disorder.

This is one of the sub-claims of Seay's Third Assignment of Error on direct appeal.  The Court of Appeals decided this claim on the merits, finding it was waived by Seay's guilty plea.

(Judgment Entry, Return of Writ, Doc. No. 16, Ex. 22, PageID 272), citing particularly *Tollett v. Henderson*, 411 U.S. 258 (1973).

Seay argues the merits of this claim on the basis of his attached Declaration which asserts trial counsel should have subpoenaed Emily Serger, one of the alleged victims, and his psychiatrist, Dr. Shulman.  He notes that the state courts applied the Ohio criminal *res judicata* bar against him, but that Ohio allows a petitioner to "overcome the *res judicata* bar if the petitioner presents competent, relevant, and material evidence that is outside the record." (Objections, Doc. No. 35, PageID 559.)

It is certainly true that if a constitutional claim depends on evidence outside the record, Ohio law allows a defendant to present that claim in a petition for post-conviction relief without the bar of *res judicata*.  But that is not what happened here.  On direct appeal, the Court of Appeals held this sub-claim was waived, not by failure to present evidence, but by Seay's guilty plea.

A guilty or no contest plea renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt.  *Menna v. New York,* 423 U.S. 61 (1975).  By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime.  *United States v. Broce*, 488 U.S. 563, 570 (1989); *McCarthy v. United States*, 394 U.S. 459, 466 (1969).  Thus the failure to subpoena witnesses who could have assisted, as Seay says, in "mounting a defense" is made immaterial by his guilty plea.

The Seventh Ground for Relief is without merit and should be dismissed with prejudice because Seay has not shown the Court of Appeals' decision on this claim is contrary to or an objectively unreasonable application of clearly established Supreme Court precedent.

**Ground Eight:  Ineffective Assistance of Trial Counsel:  Motion to Sever**

In his Eighth Ground for Relief, Seay claims he received ineffective assistance of trial counsel when his attorney did not move to sever the trials of charges for offenses that occurred on separate dates.

This claim was decided on the merits by the Court of Appeals.  It is without merit for the same reasons given with respect to the Seventh Ground for Relief, to wit, that the claim was waived by Seay's guilty plea.  Ground Eight should be dismissed with prejudice.

**Ground Nine:  Ineffective Assistance of Counsel:  Bad Advice Regarding Plea**

In his Ninth Ground for Relief, Seay claims his trial attorney provided false information which convinced him to change his plea to guilty.

As is apparent from the Appellant's Brief, Petitioner's raised this claim on direct appeal although his attorney had advised him it needed to be raised in a petition for post-conviction relief because it depended on evidence outside the record.  (Appellate Brief, Return of Writ, Doc. No. 16, PageID 254).  The Court of Appeals agreed to the extent of finding there was no support for this claim in the record.  *State v. Seay*, No. C-090638 (Ohio App. 1st Dist. June 23, 2010)(unreported, Return of Writ, Doc. No. 16-2, PageID 272).

Seay followed his attorney's advice and presented this claim as part of his Petition for Post-Conviction Relief.  The trial court denied the petition and the Court of Appeals affirmed, holding that "Seay failed to sustain his burden of submitting evidentiary material setting forth

sufficient operative facts to demonstrate substantive grounds for relief." (Judgment Entry, *State v. Seay*, No. C-110347, Supp. Return of Writ, Doc. No. 26, PageID 470). That factual finding is corroborated by the fourth finding of fact of the trial court judge: "Seay attached no documentation to his petition in support of his claims." (Findings of Fact, *State v. Seay*, No. B-0511389, Return of Writ, Doc. No. 16, PageID 298).

This claim is procedurally defaulted by failure to support the claim with evidence outside the record in the trial court. Seay does not dispute that Ohio has such a procedural rule nor does he point to any evidence outside the record which he submitted on this claim with his post-conviction petition. The state court record filed in this case does not include any such evidence. Seay points to his Declaration (PageID 563) and asks this Court to hold an evidentiary hearing on this claim. However, as noted above, this Court is limited to the record made in the state court on this claim. *Cullen v. Pinholster,* 563 U.S. ___, 131 S.Ct. 1388 (2011).

Ground for Relief Nine should be dismissed with prejudice as procedurally defaulted.

## Ground Ten:  Disqualification of the Trial Judge

In his Tenth Ground for Relief, Seay claims the trial judge should have recused herself and his counsel was ineffective in not moving for recusal.

The Warden asserted this Ground for Relief was first presented in post-conviction. The Magistrate Judge's initial Report accepted this position and Seay initially objected that these claims had been presented both on direct appeal and in post-conviction (Objections, Doc. No. 29, PageID 522). There is certainly no mention of disqualification of the trial judge in Petitioner's Third Assignment of Error on direct appeal, either as a free-standing claim or as a matter of

ineffective assistance of trial counsel (Appellant's Brief, Return of Writ, Doc. No. 16, PageID 254). There is nothing about disqualification of the trial judge in the Petition for Post-Conviction Relief (PageID 292-297). There is also nothing about disqualification of the trial judge in the opinion of the Court of Appeals affirming denial of post-conviction relief. (Judgment Entry, *State v. Seay*, No. C-110347, Supp. Return of Writ, Doc. No. 26, PageID 469-470).

Ground Ten should therefore be dismissed with prejudice for failure to present it at all to the state courts.

### Ground Eleven:  Speedy Trial

In his Eleventh Ground for Relief, Seay claims he was deprived of his Sixth Amendment right to a speedy trial. This Ground for Relief was first presented to the state courts in Seay's Notice of Appeal to the Ohio Supreme Court

For the reasons set forth above with respect to Grounds Four, Five, and Six, this claim is procedurally defaulted and should be dismissed with prejudice.

### Ground Twelve:  Failure to Consider "Substantial Assistance"

In his Twelfth Ground for Relief, Seay argues he was denied due process when the trial court failed to consider his substantial assistance to the State in other cases. To the extent this claim is preserved for merits review, it is without merit for the same reasons given as to Ground One:  the sentences imposed are within the statutory range provided by the Ohio General Assembly and a criminal defendant is not constitutionally entitled to any reduction in a sentence

within the statutory sentencing range on the basis of substantial assistance. The evidence of assistance was admitted, but the trial judge chose, in light of victim impact and Seay's lengthy criminal record, to impose the maximum sentence. In doing so, she did not violate any clearly established United States Supreme Court precedent. This Ground for Relief should therefore be dismissed with prejudice.

## Conclusion

Based on the foregoing analysis, the Petition herein should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that an appeal would not be taken in objective good faith and therefore should not be permitted to proceed *in forma pauperis*.

January 22, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections

within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).